935 F.2d 272
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesse JOHNSON, Jr., Defendant-Appellant,
 No. 90-3134.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 1, 1991.*
Decided June 5, 1991.
 
 Before WOOD, Jr., COFFEY and MANION, Circuit Judges.
 
 ORDER
 
 1
 Defendant-Appellant, Jesse Johnson, Jr., appeals from his conviction on one count of conspiracy to possess with intent to distribute crack cocaine and one count of possession of crack cocaine. Johnson is challenging the district court's denial of his motion to suppress. We affirm.
 
 I.
 
 2
 On July 25, 1989, Agent Donald G. Veal of the Bureau of Alcohol Tobacco and Firearms applied to Magistrate Judge Gerald B. Cohn for a warrant to search 455 N. 81st Street, Centerville, Illinois. In the affidavit in support of his application, Veal relied upon information he received from a confidential informant that the informant had been to the residence as 455 N. 81st Street on the evening of July 24, 1989 along with a black male identified as Courtney Hoffman and another unidentified black male. The informant observed that Hoffman was in possession of a green trash bag containing approximately ten kilograms of cocaine. The informant also stated that Hoffman was carrying a .38 caliber weapon. In the affidavit, Veal also informed the magistrate that the confidential informant had previously provided him with reliable information regarding cocaine trafficking in the East St. Louis area. In addition, the affidavit indicated that the informant had previously given information to Special Agent Robin Blaha of the Illinois State Police which had lead to the arrest and conviction of several individuals for felony offenses.
 
 
 3
 Magistrate Judge Cohn issued the warrant. Thereafter, Agent Veal and several other police officers executed the warrant. The officers seized 218.26 grams of cocaine and cocaine base from a safe in the bedroom and 3.04 grams of cocaine from Johnson's pants pocket. The officers also seized 8 handguns, 6 rifles and approximately $6,300.00 in United States currency.
 
 
 4
 Johnson filed a motion to suppress in the district court. Judge Beatty held a hearing on the motion and it was denied. At trial, the jury returned a guilty verdict on the conspiracy and possession counts but found Johnson not guilty of using or carrying a firearm in relation to a drug-trafficking offense. Johnson was sentenced to a total of 144 months in prison. This appeal followed.
 
 II.
 
 5
 On appeal, Johnson is challenging the district court's denial of the motion to suppress, alleging that the search warrant affidavit was insufficient to establish probable cause for the issuance of the warrant. In reviewing the decision to issue a warrant, the court must determine whether there was a substantial basis for concluding that a search would uncover evidence of wrongdoing. Illinois v. Gates, 462 U.S. 213, 236 (1983). We conduct an independent review of the affidavit in support of the warrant "recognizing that doubtful cases are resolved in favor of upholding the warrant." United States v. Malin, 908 F.2d 163, 165 (7th Cir.1990) (quoting United States v. Rambis, 686 F.2d 620, 622 (7th Cir.1982)).
 
 
 6
 In his brief on appeal, Johnson asserts that because of the lack of corroboration of the allegations attributed to the confidential informant, the affidavit was insufficient to support a finding of probable cause. We disagree. In United States v. Zambrana, 841 F.2d 1320, 1332 (7th Cir.1988), this court noted that an informant's reliability can be established in part on the basis of past reliable information provided by the informant to law enforcement authorities. In this instance, although the affidavit does not go into detail, it does indicate that the informant had previously given Agent Veal reliable information on cocaine trafficking in East St. Louis. In addition, the affidavit provides that the informant had given information to an Illinois State Police officer that resulted in the arrest and felony conviction of several individuals. That evidence helps to establish the credibility and reliability of the informant; thus, it is a factor to be considered under the totality of the circumstances to determine whether probable cause existed for the issuance of the warrant.
 
 
 7
 In United States v. McKinney, 919 F.2d 405 (7th Cir.1990), this court noted that while reliability of the informant is a factor to be considered in making the probable cause determination, "it is just one relevant consideration...." Id. at 415. The McKinney court noted that a tip from an informant is entitled to greater weight than it might otherwise be entitled where it is based upon personal observations and contains detailed descriptions of alleged wrongdoing. Id. (citing Gates, 462 U.S. at 234). In this instance, the information provided by the informant gives a description of the criminal conduct that was based upon personal observations. As such, the magistrate could consider the nature of the information provided as another factor in the totality of the circumstances analysis to determine the existence of probable cause.
 
 
 8
 When the informant's allegations of criminal activity premised on personal observation are considered in conjunction with the allegations of the prior instances where the informant provided reliable information to the police, we believe that the supporting affidavit read as a whole alleged sufficient facts and circumstances from which the magistrate could reasonably conclude that a search of Johnson's residence would uncover evidence of a crime. As such, we conclude that there was probable cause to issue the warrant. Therefore, the district court did not err in denying the motion to suppress.
 
 
 9
 Because of our conclusion that the affidavit was sufficient to establish probable cause in this instance, we do not reach the issue of what effect, if any, the assistance of the United States Attorney's office in the preparation of the search warrant affidavit would have on the applicability of the good faith exception of United States v. Leon.
 
 III.
 
 10
 For all of the foregoing reasons, the decision of the district court denying the motion to suppress is hereby
 
 
 11
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record